Robert **COPPOCK** et al., Plaintiffs,

v.

Joe T. **PATTERSON** et al., Defendants.

Civ. A. No. 3794.

United States District Court
S. D. Mississippi,
Jackson Division.

Aug. 16, 1967.

R. Jess Brown and Alvin J. Bronstein, Jackson, Miss., for plaintiffs.

Joe T. Patterson, Atty. Gen., Will S. Wells, Asst. Atty. Gen., E. W. Stennett, and Gene A. Wilkinson, Jackson, Miss., for defendants.

Before COLEMAN, Circuit Judge, and CLAYTON and COX, District Judges.

## OPINION OF THE COURT

COLEMAN, Circuit Judge.

This is a class action for injunction and declaratory relief, brought by the plaintiffs against State, County, and City officials. Plaintiffs seek to invalidate certain portions of Senate Bills 1512, 1513, and 1514 of the first Extraordinary Session of the Mississippi Legislature of 1965 as being in contravention of the First and Fourteenth Amendments to the United States Constitution. More specifically, it is contended that the allegedly offending portions of these Statutes are vague and overbroad, impose a prior restraint on expression, and deny plaintiffs freedom of speech and freedom of petition for redress of grievances.

The Statutes will be copied as an Appendix to this opinion. Senate Bill 1512 deals with the present State Capitol Building, generally known as the New Capitol. Senate Bill 1513 deals in like manner with the Executive Mansion. Senate Bill 1514 deals with the Old State Capitol, now a historical museum, and the State Office Building. The Statutes describe the boundaries of the various buildings. They restrict public travel in and occupancy of the grounds to the roads or streets, walks and places prepared for that purpose by paving or otherwise. Nothing may be offered for sale or exposed for sale on the grounds, nor shall any sign, placard, or other form of advertisement be displayed. It is likewise forbidden to solicit alms, subscriptions, or contributions therein. It is further forbidden to discharge any firearm, firework, or explosive, or to set fire to any combustible, or to make any harangue or oration or utter loud, threatening or abusive language on the grounds. Parading, standing, or moving in procession or assemblage or the display therein of any

flag, banner, or device designed or adapted to bring into public notice any party, organization, or movement, is likewise prohibited.

It is common knowledge, and the Court necessarily knows of its own knowledge, that the New Capitol, constructed in 1903, occupies an entire city block. This block is surrounded on all four sides by public streets, but within the block are to be found only drives and walks considered necessary for the use of the general public in gaining access to the Capitol in the transaction of appropriate state business. The Capitol contains the offices of the governor, the lieutenant governor, the justices of the Supreme Court, the Supreme Court chamber, legislative chambers, and other public offices of like kind and character.

It is common knowledge, and the Court necessarily knows of its own knowledge, that the Executive Mansion, constructed in 1840, occupies an entire city block, now in the heart of the Jackson business district. It is surrounded on all four sides by public streets and the grounds contain only drives and walks intended for ingress and egress to and from the Mansion.

Similar situations exist as to the Old Capitol, constructed in 1839, and the State Office Building, constructed in the late nineteen forties, except that these buildings are approached by walks to the front and by drives from the rear.

It is beyond dispute that no public assembly or speaking or other gathering has ever been permitted on the Capitol grounds other than the quadrennial inauguration of a governor, in keeping with the inauguration of our Presidents at the East front of the United States Capitol. It has never heretofore been suggested that the general public should be permitted at their option to hold public gatherings at the governor's home or at the other buildings here involved.

Moreover, we are aware that these statutes, except for the sections hereinafter held unconstitutional, apply not only to these plaintiffs but equally to the Ku Klux Klan, the American Nazi Party, or any similar organization.

Freedoms guaranteed by the First Amendment are not to be denied any citizen. As long as the Constitution endures they will not successfully be denied. Moreover, these freedoms are entitled to that breathing space necessary to their survival. Peaceful assembly and peaceful demonstration must be recognized as important aspects of these inviolable rights. They cannot be smothered by overbroad or vague enactments. They are not to be left to the unfettered discretion of those in official power.

Certainly, the people have a right, in an orderly fashion, in keeping with rules of civilized behaviour, to visit their public buildings, to call at the governor's office, and to observe the proceedings of their legislatures and courts. These statutes do not interfere with such activity.

This does not mean that people, at their sole option, have unrestricted license to assemble or speak when they please or where they please or in what manner they please in utter disregard of other functions equally guaranteed by the Constitution. It could not, we think, be very successfully contended that one has a right to make a speech or conduct a demonstration in space which has been set aside to the use of the Congress or a State Legislature or a Court or any similar agency of the government, state or national. We are not here dealing with ordinary streets or sidewalks or public parks. Even as to these latter places reasonable regulation, necessary to the welfare of the general public, prevail over the wishes of those who consider only their own rights. This case involves buildings, and the grounds upon which they stand, which have been established and maintained for special purposes which are themselves protected by the Constitution.

The Supreme Court of the United States in Adderley v. State of Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149, expressly held that a state has the power

to preserve the property under its control for the use to which it is lawfully dedicated and further held that the United States Constitution does not forbid a state to control the use of its own property for its own non-discriminatory purposes.

■ In the interest of peaceable, orderly, respectable, and effective conduct of the necessary public business, the state is not acting unreasonably or arbitrarily in directing that all its citizens, of whatever race, color, or creed, shall not be allowed to interfere with the tranquillity of its public buildings and the grounds upon which they are situate.

■ Freedom of speech and freedom of assembly are placed in no jeopardy nor do they suffer any unreasonable restriction when it is enacted that the Governor may occupy the home which the people have provided for him without having to cope with assemblies and demonstrations on the Mansion grounds. Neither can it very successfully be argued, we think, that Congresses, Legislatures, and Supreme Courts must perform their solemn, indispensable functions while surrounded by parades, assemblies, demonstrations, or other shows of force on the grounds of the very buildings in which they are required to perform their duties. Gubernatorial action, legislative enactment, and judicial decision are not to turn on who at the moment commands the largest organized crowd or the meanest public harangue or the loudest speaking voice. We think those who originated, sponsored, and adopted the First Amendment would be horrified by such a distortion of what they were attempting to, and did, accomplish.

■ Plaintiffs stipulate that they are not attacking the Constitutionality of the statutes in their entirety, nor each section in its entirety. The attack is concentrated on the following provisions:

"(1) 'It is forbidden to occupy the roads, streets or walks (in the specified area) in such manner as to * * * hinder their proper use.' (S.B. 1512, Sec. 4; S.B. 1513, 1514, Sec. 2).

(2) 'It is forbidden * * * to display any sign, placard, or other form of advertisement (in the specified areas.)' (S.B. 1512, Sec. 5; S.B. 1513, 1514, Sec. 3).

(3) 'It is forbidden to * * * make any harangue or oration, or utter loud * * * language (in the specified areas.)' (S.B. 1512, Sec. 7; S.B. 1513, 1514, Sec. 5).

(4) 'It is forbidden to parade, stand, or move in processions or assemblages (in the specified areas) or to display therein any flag, banner or device designed or adapted to bring into public notice any party, organization, or movement, except as hereinafter provided.' (S.B. 1512, Sec. 8; S.B. 1513, 1514, Sec. 6)."

In view of the foregoing we have no doubt that a State infringes no Constitutional limitation when it prohibits signs, placards, advertisements, harangues, orations, loud language, parades, processions, assemblages, and partisan flags, banners, or devices on the grounds occupied by its Capitol buildings, its office buildings, and its executive mansion.

■ We also decline to invalidate the prohibition against occupying the roads, streets, or walks located within the grounds of such buildings *in such manner as to hinder their proper use*. We concede that this is a broad limitation. If it applied to any other place or locality we might require that it be more specific. We are here dealing only with those buildings and grounds utterly indispensable to the effective function of a state government. Any person of ordinary intelligence cannot reasonably be put to any great mental strain to appreciate the nature of his conduct when he is hindering the proper use of the roads, streets, or walks on grounds set aside for these state buildings. In our zeal to protect First Amendment rights we cannot destroy the equally protected function of State government. We cannot impose *impossible standards* on the right of the State to control its own property for the use to which it is lawfully dedicated in a non-discriminatory manner, Adderley v. State

of Florida, supra; United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.

We agree with plaintiffs, however, that § 11 of Senate Bill 1512, § 8 of Senate Bill 1513, and § 8 of Senate Bill 1514 which authorize certain state officials in their own judgment or discretion to suspend the terms of these statutes in favor of activities of their choice are invalid and unconstitutional. We need not consult any federal precedent in support of this conclusion. The Supreme Court of Mississippi, applying the First Amendment in King v. City of Clarksdale, 186 So.2d 228 (1966) expressly commanded the invalidation of such unfettered discretion.

■ Since the bills contain separability clauses the statutes are not otherwise affected by these adjudications.

Therefore, § 11 of Senate Bill 1512, § 8 of Senate Bill 1513, and § 8 of Senate Bill 1514 are hereby invalidated as violative of the First and Fourteenth Amendment of the United States Constitution. In all other respects the validity of this legislation is hereby sustained.

Order may be prepared accordingly.

## APPENDIX

MISSISSIPPI LEGISLATURE

FIRST EXTRAORDINARY SESSION 1965

### SENATE BILL NO. 1512

AN ACT TO PROVIDE FOR THE PROTECTION OF BUILDINGS AND PROPERTY OF THE STATE CAPITOL BUILDING, TO DESCRIBE THE AREA OF THE STATE CAPITOL GROUNDS, TO REGULATE THE PUBLIC USE OF THE CAPITOL GROUNDS, TO PROHIBIT INJURIES TO PROPERTY ON THE CAPITOL GROUNDS, TO PROHIBIT CERTAIN ACTIVITIES THEREON, TO REGULATE PARADES, ASSEMBLAGES AND DISPLAY OF FLAGS AND BANNERS THEREON; AND TO PROVIDE PROSECUTION AND PUNISHMENT THEREFOR.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

SECTION 1. The Speaker of the House of Representatives and the Lieutenant Governor are authorized to make such regulations as they may deem necessary for preserving the peace and securing the State Capitol from defacement, and for the protection of the property therein.

SECTION 2. The State Capitol grounds shall comprise that area in the City of Jackson, Mississippi, bounded on the north by High Street, on the west by North West Street, on the south by Mississippi Street, and on the east by North President Street.

SECTION 3. Public travel in and occupancy of the State Capitol grounds shall be restricted to the roads, walks and places prepared for that purpose by paving or otherwise.

SECTION 4. It is forbidden to occupy the roads, streets or walks in the Capitol grounds in such manner as to obstruct or hinder their proper use.

SECTION 5. It is forbidden to offer or expose any article for sale in or on the State Capitol grounds; to display any sign, placard, or other form of advertisement therein; to solicit fares, alms, subscriptions, or contributions therein.

SECTION 6. It is forbidden to step or climb upon, remove, or in any way injure any statue, seat, wall, fountain, or other erection or architectural feature, or any tree, shrub, plant, or turf in the State Capitol grounds.

SECTION 7. It is forbidden to discharge any firearm, firework or explosive, set fire to any combustible, make any harangue or oration, or utter loud, threatening, or abusive language in the State Capitol grounds.

SECTION 8. It is forbidden to parade, stand, or move in processions or assemblages in the State Capitol grounds, or to display therein any flag, banner, or device designed or adapted to bring into public notice any party, organization, or movement, except as hereinafter provided.

SECTION 9. Any person violating provisions of Sections 3, 4, 5, 6, 7, or 8 of this act or the regulations adopted pursuant to Section 1 shall be punished by fine not exceeding One Hundred Dollars ($100.00), or imprisonment not exceeding sixty (60) days or by both such fine and imprisonment; prosecution for such offenses shall be had in the County Court of the First Judicial District of Hinds County, Mississippi, upon affidavit by the Attorney General of Mississippi or any of his assistants; provided that in cases where public property is damaged in an amount exceeding One Hundred Dollars ($100.00), the offenses shall be punishable by imprisonment for not exceeding one year.

SECTION 10. All regulations promulgated under authority of Section 1 of this act shall be filed with the Secretary of State and be made available for public inspection; such regulations shall likewise be published in one of the daily newspapers of the City of Jackson, and shall not become effective until the expiration of ten days after the date of such filing with the Secretary of State and such publication.

SECTION 11. In order to admit of the due observance within the State Capitol grounds of occasions of State interest becoming the cognizance and entertainment of the State Legislature or the Governor of Mississippi, the Lieutenant Governor and the Speaker of the House of Representatives, acting concurrently, are authorized to suspend for such proper occasions so much of the prohibitions contained in this act as would prevent the use of the roads and walks of the Capitol grounds by processions or assemblages, and the use upon them of suitable decorations, music, addresses, or ceremonies; provided that responsible officers shall have been appointed and arrangements determined which are adequate, in the judgment of the said Lieutenant Governor and the Speaker of the House of Representatives, for the maintenance of suitable order and decorum in the proceedings, and for guarding the Capitol and its grounds from injury.

SECTION 12. In the absence from Jackson of either of the officers designated in Section 11 of this act, the authority therein given to suspend certain prohibitions of this act shall devolve upon the other, and in the absence from Jackson of both it shall devolve upon the Secretary of State.

SECTION 13. The provisions of Sections 2, 3, 4, 5, 6, 7, and 8 of this act shall not be construed to extend inside the Capitol building.

SECTION 14. Nothing in this act shall be construed as limiting or repealing any other law or laws now in force pertaining to or relating to the State Capitol building or State Capitol grounds.

SECTION 15. If any clause, sentence, or part of this act shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder of this act, but shall be confined in its operation to the clause, sentence, paragraph or part thereof, directly involved in the controversy in which judgment shall have been rendered.

SECTION 16. This Act shall take effect and be in force from and after its passage.

## SENATE BILL NO. 1513

AN ACT TO PROVIDE FOR THE PROTECTION OF THE BUILDINGS AND PROPERTY OF THE STATE EXECUTIVE MANSION, TO DESCRIBE THE AREA OF THE EXECUTIVE MANSION GROUNDS, TO REGULATE THE PUBLIC USE OF SAID GROUNDS, TO PROHIBIT INJURIES TO PROPERTY ON SAID GROUNDS, TO PROHIBIT CERTAIN ACTIVITIES THEREON, TO REGULATE PARADES, ASSEMBLAGES AND DISPLAY OF FLAGS AND BANNERS THEREON; AND TO PROVIDE PROSECUTION AND PUNISHMENT THEREFOR.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

SECTION 1. The State Executive Mansion grounds shall comprise that area in the City of Jackson, Mississippi, bounded on the North by Amite Street, bounded on the West by North West Street, bounded on the South by Capitol Street, and bounded on the East by North President Street.

SECTION 2. Public travel in and occupancy of the Executive Mansion grounds shall be restricted to the roads or streets, walks and places prepared for that purpose by paving or otherwise. It is forbidden to occupy said roads or streets, walks or places, in such manner as to obstruct or hinder their proper or designated use.

SECTION 3. It is forbidden to offer or expose any article for sale in said Executive Mansion grounds; to display any sign, placard, or other form of advertisement therein; to solicit fares, alms, subscriptions or contributions therein.

SECTION 4. It is forbidden to step or climb upon, remove, or in any way injure any statue, seat, wall, fountain, or other erection or architectural feature, or any tree, shrub, plant, or turf in said Executive Mansion grounds.

SECTION 5. It is forbidden to discharge any firearm, firework, or explosive, set fire to any combustible, make any harangue or oration, or other loud, threatening or abusive language in said Executive Mansion grounds.

SECTION 6. It is forbidden to parade, stand, or move in processions or assemblages in said Executive Mansion grounds, or to display therein any flag, banner, or devices designed or adapted to bring into public notice any party, organization, or movement, except as hereinafter provided.

SECTION 7. Any person violating the provisions of Sections 2, 3, 4, 5 or 6 of this act shall be punishable by a fine not exceeding One Hundred Dollars ($100.00), or imprisonment not exceeding sixty (60) days, or by both such fine and imprisonment, prosecution for such offenses to be had in the County Court of the First Judicial District of Hinds County, Mississippi, upon affidavit by the Attorney General of Mississippi or any of his assistants; provided, that in cases where public property is damaged in an amount exceeding One Hundred Dollars ($100.00), the offense shall be punishable by imprisonment for not more than one year.

SECTION 8. In order to admit of the due observance within the Executive Mansion grounds of occasions of State interest becoming the cognizance or entertainment of the Governor of the State Legislature, the Governor, or in his absence the Lieutenant Governor, is authorized to suspend for such proper occasions so much of the prohibitions contained in this act as would prevent the use of the roads or streets, walks or places in said grounds by processions or assemblages, and the use upon them of suitable decorations, music, addresses and ceremonies; provided, that respon-

sible officers shall have been appointed and arrangements determined which are adequate, in the judgment of the said Governor or, in his absence, the Lieutenant Governor, for the maintenance of suitable order and decorum in the proceedings, and for guarding the Executive Mansion and its grounds from injury.

SECTION 9. When authorized by the Governor or, in his absence, the Lieutenant Governor, members of the State Highway Patrol shall have power to arrest and detain any persons violating the provision of this act, until such person can be brought before the proper authorities for trial.

SECTION 10. Nothing in this act shall be construed as limiting or repealing any other law or laws now in force pertaining to or relating to the Executive Mansion or the Executive Mansion grounds.

SECTION 11. If any clause, sentence or part of this act shall, for any reason, be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder of this act, but shall be confined in its operation to the clause, sentence, paragraph or part thereof, directly involved in the controversy in which judgment shall have been rendered.

SECTION 12. This Act shall take effect and be in force from and after its passage.

MISSISSIPPI LEGISLATURE

FIRST EXTRAORDINARY SESSION 1965

## SENATE BILL NO. 1514

AN ACT TO PROVIDE FOR THE PROTECTION OF BUILDINGS AND PROPERTY OF THE STATE OFFICE BUILDING AND THE OLD STATE CAPITOL BUILDINGS, TO DESCRIBE THE AREA OF THE STATE OFFICE BUILDING GROUNDS AND THE OLD STATE CAPITOL GROUNDS, TO REGULATE THE PUBLIC USE OF SAID GROUNDS, TO PROHIBIT INJURIES TO PROPERTY ON SAID GROUNDS, TO PROHIBIT CERTAIN ACTIVITIES THEREON, TO REGULATE PARADES, ASSEMBLAGES AND DISPLAY OF FLAGS AND BANNERS THEREON; AND TO PROVIDE PROSECUTION AND PUNISHMENT THEREFOR.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF MISSISSIPPI:

SECTION 1. The State Office Building grounds shall comprise that area in the City of Jackson, Mississippi, bounded on the North by High Street, bounded on the West by Lamar Street, bounded on the South by George Street, and bounded on the East my North West Street. The Old State Capitol grounds shall comprise that area in the City of Jackson, Mississippi, bounded on the North by Amite Street, bounded on the South by Pearl Street, and bounded on the East by the property of the Gulf, Mobile and Ohio Railroad Company.

SECTION 2. Public travel in and occupancy of the State Office Building grounds and Old State Capitol grounds shall be restricted to the roads or streets, walks and places prepared for that purpose by paving or otherwise. It is forbidden to occupy said roads or streets, walks or places, in such manner as to obstruct or hinder their proper or designated use.

SECTION 3. It is forbidden to offer or expose any article for sale in said State Office Building grounds and Old State Capitol grounds; to display any sign, placard, or other form of advertisement therein; to solicit fares, alms, subscriptions or contributions therein.

SECTION 4. It is forbidden to step or climb upon, remove, or in any way injure any statue, seat, wall, fountain, or other erection or architectural feature, or any tree, shrub, plant, or turf in said

State Office Building grounds and Old State Capitol grounds.

SECTION 5. It is forbidden to discharge any firearm, firework, or explosive, set fire to any combustible, make any harangue or oration, or other loud, threatening or abusive language in said State Office Building grounds and Old State Capitol grounds.

SECTION 6. It is forbidden to parade, stand, or move in processions or assemblages in said State Office Building grounds and Old State Capitol grounds, or to display therein any flag, banner, or devices designed or adapted to bring into public notice any party, organization, or movement, except as hereinafter provided.

SECTION 7. Any person violating the provisions of Sections 2, 3, 4, 5, or 6 of this act shall be punishable by a fine not exceeding One Hundred Dollars ($100.00), or imprisonment not exceeding sixty (60) days, or by both such fine and imprisonment, prosecution for such offenses to be had in the County Court of the First Judicial District of Hinds County, Mississippi, upon affidavit by the Attorney General of Mississippi or any of his Assistants; provided, that in cases where public property is damaged in an amount exceeding One Hundred Dollars ($100.00), the offense shall be punishable by imprisonment for not more than one year.

SECTION 8. In order to admit of the due observance within the State Office Building grounds and/or the Old State Capitol grounds of occasions of State interest becoming the cognizance or entertainment of the State Legislature or the Governor of Mississippi, the State Capitol Commission or such of its member or members as it may, by order spread upon its minutes, designate, is hereby authorized to suspend for such proper occasions so much of the prohibitions contained in this act as would prevent the use of the roads or streets, walks or places in said grounds by processions or assemblages, and the use upon them of suitable decorations, music, addresses and ceremonies, provided, that responsible officers shall have been appointed and arrangements determined which are adequate, in the judgment of the said Governor, or, in his absence, the Lieutenant Governor, for the maintenance of suitable order and decorum in the proceedings, and for guarding the State Office Building and its grounds and the Old State Capitol Building and its grounds from injury.

SECTION 9. When authorized by the Governor, or, in his absence, the Lieutenant Governor, members of the State Highway Patrol shall have power to arrest and detain any persons violating the provisions of this act, until such person can be brought before the proper authorities for trial.

SECTION 10. The provisions of Sections 3 and 6 of this act shall not be construed to extend inside the State Office Building or the Old State Capitol Building.

SECTION 11. Nothing in this act shall be construed as limiting or repealing any other law or laws now in force pertaining to or relating to the State Office Building or grounds or Old State Capitol Building or grounds.

SECTION 12. If any clause, sentence or part of this act shall, for any reason, be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder of this act, but shall be confined in its operation to the clause, sentence, paragraph or part thereof, directly involved in the controversy in which judgment shall have been rendered.

SECTION 13. This act shall take effect and be in force from and after its passage.